IN THE UNITES STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Criminal Case No.  12-po-07008-BNB

UNITED STATES OF AMERICA,

Plaintiff,

v.

DEREK KOPUNEC,

Defendant.

---

**MEMORANDUM OF DECISION
AND ORDER**

---

This matter was tried to the court on November 6, 2012.  The defendant is charged by an Information with conducting work or commercial activity without special-use authorization in violation of 16 U.S.C. § 551 and 36 C.F.R. §261.10(c).  I find the defendant GUILTY of the offense charged.

The charged offense is a Class B misdemeanor.  A Class B misdemeanor is a petty offense.  18 U.S.C. § 19.  There is no right to a jury trial where the charge is a petty offense.  Fed. R. Crim. P. 58(b)(2)(F).  Although not requested to do so by the parties, this Memorandum of Decision and Order contains specific findings of fact consistent with the provisions of Fed. R. Crim. P. 23(c).  See United States v. Unser, 165 F.3d 755, 760 and n.3 (10th Cir. 1999).

Section 551, 16 U.S.C., provides in relevant part:

> **Protection of national forests; rules and regulations**
>
> The Secretary of Agriculture shall make provisions for the protection against destruction by fire and depredations upon the public forests and national forests which may have been set aside

> or which may be hereafter set aside . . .; and he may make such rules and regulations and establish such service as will insure the objects of such reservations, namely, to regulate their occupancy and use and to preserve the forests thereon from destruction; and any violation of the provisions of this section . . . or such rules and regulations shall be punished by a fine of not more than $500 or imprisonment for not more than six months, or both.

Section 261.10(c), Title 36 of the Code of Federal Regulations, provides:

> The following are prohibited:
>
> (c)  Selling or offering for sale any merchandise or conducting any kind of work activity or service unless authorized by Federal law, regulation, or special-use authorization.

The evidence established and I find the following facts beyond a reasonable doubt:

(1)     Jeffrey Hyatt is a Forest Service employee working as a forest protection officer stationed at the South Park Ranger District in Fairplay, Colorado.

(2)     The South Park Ranger District is responsible, among other things, for managing portions of the Pike and San Isabel National Forests.

(3)     On May 27, 2012, Officer Hyatt observed two large trailers loaded with approximately nine all terrain vehicles ("ATVs") parked at the Riverside Hotel in Fairplay, Colorado.

(4)     The defendant operates the Riverside Hotel.  In connection with the operation of the Riverside Hotel, the defendant advertises the use of ATVs.  The defendant conducts an ATV outfitting and guiding service under the name South Park ATV Tours.

(5)     On May 27, 2012, the defendant did not have a special-use permit to operate an ATV outfitting and guiding service in the South Park Ranger District.

(6)     On May 27, 2012, the ATVs were transported into the National Forest where they

were unloaded onto Forest Service land within the South Park Ranger District in the Westin Pass Area at the intersection of Park County Road 22 and Forest Service Road 432.

(7) On May 27, 2012, the defendant, his guides, and his clients were contacted by Officer Hyatt and Forest Service Law Enforcement Officer Kenneth Archuleta at the place where the ATVs had been unloaded onto Forest Service land.

(8) The clients had paid the defendant a fee for the use of the ATVs to go on a couple-hour ride.

(9) During his conversation with Officers Archuleta and Hyatt, the defendant claimed to possess a special-use permit to operate an ATV outfitting and guiding service within the South Park Ranger District. He showed Officer Archuleta Exhibit 2 and claimed that it was the special-use permit.

(10) Exhibit 2 is not a special-use permit. Instead, it is a letter dated April 4, 2012, from the District Ranger to the defendant which states in relevant part:

> Your application for 100 Service Days for a Temporary Use Pool Special use permit has been approved. Enclosed with this letter is your Temporary Special Use Permit for Outfitting and Guiding on the South Park Ranger District. Please review the permit, sign on page 6 and return the entire permit to this office **by April 25, 2012**. The permit will be signed by an authorized officer and a copy returned to you.
>
> You will need to provide a current Certificate of Liability Insurance with the USDA Forest Service as additional insured. Please send a copy to this office **by April 25, 2012**.
>
> You will be billed for the National Forest use after the permit is signed by the authorized officer.

(11) Although the defendant's application for a special-use permit had been approved as of April 4, 2012, the special-use permit was not effective until the conditions specified in

Exhibit 2 were satisfied. In particular, the special-use permit was not effective until the defendant signed it, the defendant provided proof of adequate insurance which named the Forest Service as an additional insured, and the special-use permit was signed by an authorized officer of the Forest Service.

(12)   As of May 27, 2012, the defendant had not provided proof of adequate insurance and the special-use permit had not been signed by an authorized officer of the Forest Service. The special-use permit was not signed by an authorized officer of the Forest Service until June 6, 2012.

(13)   The defendant was aware of the requirements of the Forest Service permitting process. Specifically, the defendant was issued a citation by the Forest Service in 2010 for illegally operating an ATV outfitting and guiding service without special-use authorization. In 2011, the defendant went through the special-use permitting process and obtained a special-use permit for operating an ATV outfitting and guiding service in the South Park Ranger District. In February 2012 the defendant submitted an application to the South Park Ranger District for a special-use permit. In her letter to the defendant dated April 4, 2012 (Exhibit 2), the District Ranger informed the defendant of the requirements remaining to be satisfied before the special-use permit was effective. In her letter to the defendant dated April 25, 2012 (Exhibit 3), the District Ranger notified the defendant of the inadequacy of the Certificate of Liability Insurance which he had submitted. The District Ranger stated specifically in her letter of April 25, 2012 (Exhibit 3):

> A copy of your insurance endorsement or declaration page along with an updated Certificate of Liability Insurance is required before the Special Use Temporary Permit will be issued for your ATV activities on the National Forest. Once we receive the

>appropriate Certificate, I will issue the permit and will also mail
your billing.

(14) The special-use permit for outfitting and guiding services which eventually was issued to the defendant (Exhibit 1), but was not in effect on the date of the charged offense, allowed the defendant to conduct ATV outfitting and guiding services in the Pony Park Area on Forest Service Roads 433, 168, 433.2A, 434, and 433.2B.  There is no evidence that the defendant ever obtained a special-use permit to conduct ATV outfitting and guiding services in the Westin Pass Area or on Forest Service Road 432, where the ATVs were unloaded on May 27, 2012.  The operation of ATVs is not allowed on Park County Road 22.

(15) On May 27, 2012, the defendant was conducting ATV outfitting and guiding services on Forest Service land without special-use authorization.  That activity required a special-use permit, which the defendant did not have.

(16) I find, beyond a reasonable doubt, that the defendant is GUILTY of the offense of conducting work or commercial activity without special-use authorization in violation of 16 U.S.C. § 551 and 36 C.F.R. § 261.10(c).

IT IS ORDERED:

(1) The defendant is adjudged GUILTY of the offense of conducting work or commercial activity without special-use authorization in violation of 16 U.S.C. § 551 and 36 C.F.R. § 261.10(c);

(2) Sentencing is set for December 14, 2012, at 10:00 a.m., in Courtroom 401, 4th floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado.  The defendant shall appear personally at that time and place; and

(3) A final judgment will not enter until the date of sentencing, with the time for

appeal commencing on that date.

    Dated November 8, 2012.

                                        BY THE COURT:

                                         s/ Boyd N. Boland
                                        United States Magistrate Judge